## (June 23, 1966)

■ LILY RAFF, Respondent, v. MADISON AFFILIATES, INC., et al., Appellants.— Judgment unanimously reversed on the law and on the facts and new trial ordered, with $50 costs and disbursements to appellants to abide the event. Plaintiff received injuries when she fell while crossing a platform in a hallway of a building owned by one defendant and managed by the other defendant. The structure had been converted to a Class A Multiple Dwelling and in 1935 a certificate of occupancy had been issued by the Department of Buildings. Appellants were deprived of a fair trial by the attempts of plaintiff to submit certain proof. Although much of this testimony was stricken its cumulative effect may well have influenced the jury. If plaintiff had proof of prior accidents it should have been submitted as part of her affirmative case in accordance with recognized applicable legal principles. (Cf. *Kaplan* v. *City of New York*, 10 A D 2d 319, 6 A D 2d 489.) Instead plaintiff's counsel on cross-examination of witnesses called by defendants repeatedly inquired if there had been such prior accidents. Most of the questions were either answered in the negative or objections thereto were sustained. One witness, however, was permitted to state over objection that she recalled other persons falling on the platform prior to the accident. It eventually was disclosed that the knowledge of the witness was based on hearsay. While the testimony was stricken this persistent line of questioning deprived defendants of a fair trial. Furthermore, an expert witness called by plaintiff repeatedly volunteered that the platform as designed and constructed was in violation of the Building Code and stated

that it was "contrary to what would be approved in the Building Department." While this gratuitous testimony was similarly stricken its cumulative effect was prejudicial to defendants. Collectively considered it cannot be said that these improper matters may not have influenced the jury. Concur — Breitel, J. P., Rabin, McNally, Stevens and Bastow, JJ.